JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ERROL FERRYMAN

**DEFENDANTS**
CITY OF PHILADELPHIA LAW DEPARTMENT
CITY OF PHILADELPHIA POLICE DEPARTMENT
CITY OF PHILADELPHIA POLICE OFFICER SHAUN TURNER # 6812

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael I. McDermott, Esquire
1339 Chestnut Street, Ste 500
Philadelphia, PA 19107      267-283-0084

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1983, 1331, 1343, and 1367

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE _____   DOCKET NUMBER _____

DATE
December 19, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ *Michael I McDermott*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _8000 block of mansfield Ave. Phila, PA 19150_

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                              Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?             Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☑ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☑ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

ERROL FERRYMAN                         :
6004 N. 19TH STREET                    :
PHILADELPHIA, PA 19141                 :        CIVIL ACTION
                    Plaintiff          :
        vs.                            :        NO.: 2:25-CV-07190
                                       :
CITY OF PHILADELPHIA LAW               :
DEPARTMENT                             :
ONE PARKWAY                            :
1515 ARCH STREET, 14TH FLOOR           :
PHILADELPHIA, PA 19102                 :
        and                            :
CITY OF PHILADELPHIA POLICE            :
DEPARTMENT                             :
ONE PARKWAY                            :
1515 ARCH STREET, 14TH FLOOR           :
PHILADELPHIA, PA 19102                 :
        and                            :
PHILADELPHIA POLICE OFFICER            :
SHAUN TURNER, Badge #: 6812            :
ONE PARKWAY                            :
1515 ARCH STREET, 14TH FLOOR           :
PHILADELPHIA, PA 19102                 :
                    Defendants         :

## COMPLAINT

Plaintiff Errol Ferryman alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983

and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

2. Venue is proper in this court, pursuant to 28 U.S.C.A. § 1391, since the underlying acts,

omissions, injuries and related facts and circumstances giving rise to the present action occurred

in the City and County of Philadelphia, PA, and within this District.

3. Plaintiff was assaulted and arrested by defendant, Philadelphia Police Officer Shaun Turner, Badge #: 6812 on December 22, 2023 on the 8000 Block of Mansfield Avenue, Philadelphia, PA 19150 in the City and County of Philadelphia.

4. No criminal charges were filed against Plaintiff, Errol Ferryman.

## PARTIES

5. Plaintiff, Errol Ferryman is an adult individual who at all times relevant to this Complaint resided at 6004 N. 19TH Street Philadelphia, PA 19141.

6. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which, at all relevant times, employed the below individual defendants.

7. Defendant City of Philadelphia Police Department is the primary law enforcement agency for the City of Philadelphia.

8. Defendant Philadelphia Police Officer Shaun Turner, Badge #: 6812 was, at all times relevant to this Complaint, a Philadelphia Police Officer. He is sued in his individual capacity.

9. At all times mentioned, the individual Defendants, and each of them, were and now are residents of Philadelphia, PA.

10. Defendant City of Philadelphia was at all times mentioned engaged in owning, operating, maintaining, managing and doing business as a Police Department in Philadelphia, PA, and in the business of public safety for the residents of Philadelphia, PA.

11. All of the acts complained of in this Complaint by Plaintiff against Defendants were done and performed by Defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times were acting within the course, purpose and scope of that agency, service, and/or employment capacity. Moreover, Defendants and their

agents ratified all of the acts of which complaint is made.

12. Defendant, Philadelphia Police Officer Shaun Turner, Badge #: 6812, was at all relevant times a Philadelphia Police officer of the Philadelphia Police Department, and he, along with other officials of Defendant City of Philadelphia, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the Philadelphia Police Department and defendant City of Philadelphia.

13. At all relevant times, these Defendants, and each of them, were acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs and usages of Defendant City of Philadelphia, PA.

14. At all times mentioned, all Defendant Turner was a duly appointed officer, agent, and/or employee of Defendant City of Philadelphia.

15. At all times mentioned, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant named and unnamed in this Complaint.

16. In doing the acts and failing and/or omitting to act as described below, Defendant Turner was acting on the implied and/or with the actual permission and consent of Defendant City of Philadelphia. At all relevant times, Defendant Turner was a duly appointed agent, employee and/or representative of Defendant City of Philadelphia, acting in the course and scope of his employment and agency with Defendant City of Philadelphia.

## FACTUAL ALLEGATIONS

17. On December 22, 2023 at approximately 10:43 p.m., Defendant, Philadelphia Police Officer Shaun Turner, Badge #: 6812 from the 14th District while on routine patrol in the vicinity of

8000 Mansfield Avenue, Philadelphia, PA 19150 pulled Plaintiff over allegedly due to Plaintiff's

vehicle's rear lights not functioning properly.

18. Plaintiff had a passenger, Nicole Digregorio in his vehicle, who according to Defendant

Turner was in a "bladed body facing" the door with a ski mask on.

19. The term "bladed body facing" or, more commonly, the bladed stance, is a tactical body

position used in various martial arts, self-defense, and security contexts to minimize the area of

the body exposed to an opponent or threat.

20. Defendant, Philadelphia Police Officer Shaun Turner, Badge #: 6812 despite not having

reasonable suspicion to demand identification ordered Nicole Digregorio to give her name and

identification and Ms. Digregorio gave the officer a name.

21. Defendant Turner returned to his patrol car and ran Ms. Digregorio and was unable to obtain

any information.

22. Defendant Turner returned to Plaintiff's vehicle seeking further information from Ms.

Digregorio and had her removed from the vehicle.

23. After removing Ms. Digregoria from the vehicle; defendant Turner using excessive force

removed plaintiff from the vehicle, assaulted him and handcuffed him causing physical injury to

the Plaintiff.

24. Defendant Turner then searched the vehicle without first obtaining a search warrant or

consent to search from the Plaintiff who legally owned and possessed the vehicle and obeyed all

of defendant Turner's commands including the illegal ones.

25. There was no evidence recovered from Plaintiff's motor vehicle which indicated that the

Plaintiff committed any crime or was in possession of any illegal contraband.

26. The rule of law from Commonwealth v. Alexander (2020) required police to get a warrant for

vehicle searches, absent probable cause and exigent circumstances, was in full effect in

Pennsylvania in December 2023, making warrantless searches the exception, not the rule. This

decision significantly changed prior law by holding that Pennsylvania's Constitution provides

greater privacy than the U.S. Constitution for vehicles, meaning police generally need a warrant

unless they have both probable cause and exigent reasons for not getting one.

27. Defendant Turner refused to provide Plaintiff with any explanation for his unlawful

detention, even after Plaintiff was dragged out of the vehicle, and while Plaintiff was being

physically assaulted. The officer responsible for this unlawful conduct is named in this

Complaint as Defendant Turner and is believed to have been working under the direction and

supervision of Defendant's supervisors of Defendants City of Philadelphia and City of

Philadelphia Police Department.

28. On information and belief, Defendant Turner acted with either deliberate indifference and/or

reckless disregard toward Plaintiff's rights, arresting him without probable cause or any

reasonable factual basis to support that Plaintiff had committed any crime or wrong beyond

driving a motor vehicle with broken taillight.

29. On information and belief, Defendant Turner participated in unlawful assault, threats and

abuse of authority against Plaintiff under color of law.

### FIRST CAUSE OF ACTION: CONSTITUTIONAL VIOLATIONS
### UNDER 42 U.S.C.A. § 1983
### (Against Defendant Turner)

30. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and

every allegation set forth in the above Paragraphs.

31. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States

Constitution.

32. On or before December 22, 2023, Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful and unreasonable search, seizure, and excessive force, and the right to be free from unlawful detention and/or arrest by police officers acting under the color of law.

33. On December 22. 2023, Defendant Turner acted with deliberate indifference or with reckless disregard for Plaintiff's rights, by targeting him for an unauthorized arrest without proper authority and/or probable cause.

34. On December 22, 2023, Defendant Turner searched Plaintiff without probable cause, assaulted Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations.

35. On December 22, 2023, Defendant Turner, acted with deliberate indifference or with reckless disregard for Plaintiff's rights while Defendant Turner forcibly searched Plaintiff without probable cause and/or legal justification, and assaulted Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations, and on information and belief failed to comply with department procedures.

36. Plaintiff is informed and believes and therefore alleges that Defendant Turner engaged in the described unlawful acts against Plaintiff, and facilitated, encouraged and/or instigated such unlawful and unconstitutional acts, and failed to intervene to stop such acts, nor render any assistance knowing the severity of the injustice being inflicted on Plaintiff.

37. At the time of the described wrongful acts by Defendant Turner, Plaintiff was not engaged in criminal activity of a nature to warrant his unreasonable search, seizure, assault, battery or

unlawful threats under the color of law made against him. At the time of the wrongful acts by

Defendant Turner, Plaintiff was not displaying any behavior to justify being forced out of his car,

unreasonably detained, and assaulted by Defendant Turner. Plaintiff was neither on probation nor

parole at that time, or ever, and was driving with a valid license. Moreover, Defendant Turner

lacked probable cause, reasonable suspicion or legal justification to detain and/or arrest

Plaintiff on any basis.

38. The unreasonable search and seizure of Plaintiff was entirely unjustified by any of

the actions of Plaintiff, and constituted violations of his civil rights.

39. The unlawful seizure, detention and/or arrest of Plaintiff was the proximate cause of the

damages suffered by Plaintiff, who not only was unreasonably detained for the purposes of the

traffic stop.

40. On December 22, 2023, Defendant Turner acted specifically with the intent to deprive

Plaintiff of the following rights under the United States Constitution:

(a) Freedom from unreasonable searches;

(b) Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police

officers;

(c) Freedom from a deprivation of Liberty without due process of law;

(d) Freedom from summary punishment;

(e) Freedom from threat of harm under color of law; and

(f) Freedom to move about freely as a citizen of the United States of America.

41. Defendant Turner subjected Plaintiff to the mentioned deprivations either by actual malice,

deliberate indifference, or reckless disregard for his rights under the United States Constitution

and the laws of the Commonwealth of Pennsylvania.

42. Defendant Turner acted at all times knowing that his conduct went against the authorized practices, customs, procedures and policies of Defendants City of Philadelphia and the City of Philadelphia Police Department and was unlawful conduct in violation of the Fourth Amendment and the laws of the Commonwealth of Pennsylvania. However, Defendant Turner knew that Defendants City of Philadelphia and the City of Philadelphia Police Department, acting through the chief policymakers had ratified, condoned, and acquiesced to Defendant Turner's specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendants City of Philadelphia and the City of Philadelphia Police Department.

43. As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered psychological injury, physical injuries, and severe emotional distress.

44. By reason of the mentioned acts and omissions of Defendants, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

45. By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

46. The mentioned acts of Defendants were willful, wanton, malicious and oppressive, thus justifying the awarding of exemplary and punitive damages as to the individually-named Defendants.

**SECOND CAUSE OF ACTION: STATE VIOLATIONS UNDER ASSAULT (18 PA.C.S. §**
**2701/2702) AND FALSE ARREST (42 U.S.C. § 1983)**
**(Against Defendant Philadelphia Police officer Shaun Turner)**

47. Plaintiff realleges and incorporates by reference all factual contents of the above Paragraphs
as if fully set forth here.

48. This cause of action is brought pursuant to Assault (18 Pa.C.S. § 2701/2702) and False Arrest
(42 U.S.C. § 1983.

49. On or before December 22, 2023, Plaintiff possessed the rights guaranteed by the
Constitution of the Commonwealth of Pennsylvania and the Constitution of the United States of
America, including but not limited to the Fourth and Fourteenth Amendments rights against
unlawful and unreasonable search and seizure, and against the use of excessive force by means
of unwarranted threats and assault, the right to freedom of travel, and to be free from unlawful
detention and/or arrest by police officers acting under the color of law, and to be free from
personal insult and injury to one's person and personal relations on the basis of hate motivation.

50. On December 22. 2023, Defendant Turner searched Plaintiff without probable cause and
assaulted Plaintiff using excessive force, illegally seized, detained and/or arrested Plaintiffs, used
threats and intimidation to interfere with Plaintiffs' freedom of travel, and caused bodily harm,
personal insult and injured the Plaintiff with reckless disregard of his civil rights, as set forth in
detail in Plaintiff's factual allegations, and on information and belief failed to comply with
department procedures.

51. On December 22. 2023, Defendant Turner acted with deliberate indifference or with reckless
disregard for Plaintiff's rights while Defendant Turner forcibly searched
Plaintiff without probable cause and/or legal justification, and assaulted Plaintiff, and illegally
seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in

detail in Plaintiff's factual allegations, and on information and belief failed to comply with department procedures.

52. Plaintiff is informed and believes and therefore alleges that Defendant Turner, engaged in the described unlawful acts against Plaintiff, facilitated, encouraged and/or instigated the unlawful and violent acts, and failed to intervene to stop such acts or render any assistance knowing the severity of the injuries being inflicted on Plaintiff.

53. At the time of described wrongful acts by Defendant Turner, Plaintiff was not engaged in criminal activity of a nature to warrant his unreasonable search, seizure, assault, battery or unlawful threats, intimidation, coercion, or interference with the above-stated rights under the color of law made against him. At the time of the wrongful acts by Defendant Turner, Plaintiff was not displaying any behavior to substantiate being forced out of his car, unreasonably detained, and assaulted, threatened, intimidated, coerced by and the inference of the mentioned rights by Defendant Turner. Plaintiff was neither on probation nor parole and was driving with a valid license. Moreover, Defendant Turner lacked probable cause, reasonable suspicion or legal justification to detain and/or arrest Plaintiff on any basis.

54. The unreasonable search and seizure of Plaintiff was entirely unjustified by any of the actions of Plaintiff and constituted violations of her state and federal civil rights.

55. The unlawful assault, seizure, detention and/or arrest of Plaintiff was the proximate cause of the damages suffered by Plaintiff, who not only was unreasonably detained for the purposes of the traffic stop for alleged rear lights not working, but was forced under color of law.

56. At the time of the described wrongful acts by Defendant Turner, Plaintiff was not engaged in criminal activity of a nature to warrant his unreasonable detention and arrest without probable cause and the subsequent unlawful threats and assault made against and acts of

intimidation towards him under the color of law. At the time of the wrongful acts by Defendant Turner, Plaintiff was not displaying any behavior to justify the unlawful acts of Defendant Turner.

57. On December 22, 2023, Defendant Turner acted specifically with the intent to deprive Plaintiff of the following rights guaranteed by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania:

(a) Freedom from unreasonable searches;

(b) Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers;

(c) Freedom from a deprivation of Liberty without due process of law;

(d) Freedom from summary punishment;

(e) Freedom from threat of harm under color of law; and

(f) Freedom to move about freely as a citizen of the United States of America.

58. Defendant Turner subjected Plaintiff to the mentioned deprivations by actual malice, deliberate indifference and reckless disregard for his rights under the United States Constitution and the laws of Commonwealth of Pennsylvania.

59. Defendant Turner acted at all times knowing that his conduct went against the authorized practices, customs, procedures and policies of Defendants City of Philadelphia and City of Philadelphia Police Department and was unlawful conduct in violation of the United States Constitution and the laws of Commonwealth of Pennsylvania. However, Defendant Turner knew that Defendants City of Philadelphia and City of Philadelphia Police Department, acting through the chief policymaker had ratified, condoned, and acquiesced to his specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures,

and thus Defendant Turner did not fear any repercussion from Defendants City of Philadelphia

and City of Philadelphia Police Department in taking the unlawful action against Plaintiff.

60. As the direct and proximate cause of the mentioned wrongful acts of Defendant Turner,

Plaintiff suffered psychological injury, physical injuries, and severe emotional distress.

61. By reason of the mentioned acts and omissions of Defendants, Plaintiffs was caused to incur

special damages, including medical expenses and loss of earnings, and general damages in an

amount to be proved at trial.

62. By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain

counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a

reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

63. The mentioned wrongful acts of Defendants were willful, wanton, malicious and oppressive,

thus justifying the awarding of exemplary and punitive damages as to the individually-named

Defendants.

## MUNICIPALITY LIABILITY FOR CONSTITUTIONAL VIOLATIONS
### (Against Defendant City of Philadelphia and Defendant Turner)

64. Plaintiff realleges and incorporates by reference all factual contents of the above Paragraphs,

as if fully set forth here.

65. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the Fourth and

Fourteenth Amendments of the United States Constitution.

66. On December 22, 2023, Defendant Turner violated Plaintiff's constitutional rights by forcing

him to exit his motor vehicle using excessive force, in which they subjected him to assault,

illegal search, seizure, detention and/or arrest as fully set forth above in the factual allegations.

Defendants further violated Plaintiff's constitutional rights when Defendants unlawfully

threatened the well-being of Plaintiff under color of law and physically assaulted Plaintiff.

67. At all times relevant, Defendant Turner and his superiors, and commanders, were agents and employees of Defendants City of Philadelphia and City of Philadelphia Police Department and carrying out the acts alleged while acting under color of the authority and under color of the statutes, regulations, customs, and usages of Defendant City of Philadelphia, pursuant to a set pattern, practice, and official policy of Defendant City of Philadelphia.

68. At the time of the assault against Plaintiff, and the false detention, seizure, and arrest of Plaintiff, Defendants City of Philadelphia and City of Philadelphia Police Department had in place and had ratified policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably violate the Fourth and Fourteenth Amendments, use unreasonable and unjustifiable procedures, arbitrarily, including threatening and abusive behavior. These policies, procedures, customs and practices also called for Defendants City of Philadelphia and City of Philadelphia Police Department not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of excessive force via unwarranted threats, offensive touching, false detention and/or arrests by its officers or the related claims and lawsuits resulting from same.

69. The mentioned policies, procedures, customs and practices called for the refusal of Defendants City of Philadelphia and City of Philadelphia Police Department to investigate or document complaints of previous incidents of offensive touching, threats, excessive force, false detentions and/or arrests. Instead, these Defendants officially claimed that such incidents were justified and proper or simply failed to report the misconduct.

70. Defendants City of Philadelphia and City of Philadelphia Police Department's policies, procedures, customs and practices of inaction and cover-up encouraged officers of the Defendants City of Philadelphia and City of Philadelphia Police Department to believe that

unlawful, offensive touching, threats, false detentions and/or arrests against individuals were permissible. Defendants City of Philadelphia and City of Philadelphia Police Department had final policymaking authority over Defendant Turner and The Philadelphia Police Department and ratified their acts.

71. The mentioned policies, procedures, customs and practices of Defendants City of Philadelphia and City of Philadelphia Police Department evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff. This indifference was manifested by the failure to change, correct, revoke, or rescind these policies involving inappropriate and offensive touching, excessive force, unwarranted threats, false detentions and/or arrests.

72. Defendants demonstrated deliberate indifference to the Plaintiff's civil rights and other victims of excessive force, unwarranted threats, false detentions and/or arrests, which was also evidenced by Defendants City of Philadelphia and City of Philadelphia Police Department ignoring the history and pattern of prior civil complaints, claims, and lawsuits alleging civil right violations and the related payment of judgments to such individuals for misconduct similar to that alleged in this Complaint.

73. Other systemic deficiencies that have indicated and continue to indicate deliberate indifference by Defendants City of Philadelphia and City of Philadelphia Police Department to the violations of the civil rights of individuals such as Plaintiff by Officers include the following:

(a) Preparation of investigative reports designed to vindicate the use of force, false detentions and/or arrests;

(b) Preparation of investigation reports which rely solely on the word of the Police Officers involved in complaints of offensive touching, illegal threats, and incidents of false detentions and/or arrests which systematically fail to credit testimony of non-Police Officer witnesses;

(c) Preparation of investigative reports that omit factual information and physical evidence that contradicts the accounts of the Officers involved in the misconduct;

(d) Issuance of public statements exonerating Officers in such incidents prior to the completion of investigation;

(e) Failure to review investigative reports by supervisory Officers for accuracy or completeness and acceptance of conclusions that are unwarranted by the evidence and/or contradict such evidence; and

(f) Acquiescence and/or a tacit agreement to a "code of silence" that permeates all levels of the chain of command within Defendant Police Department and serves to insulate and protect Officers who engage in civil rights violations.

74. Defendants City of Philadelphia and City of Philadelphia Police Department also maintain a system of grossly inadequate training pertaining to the use of force, proper physical restraint and search techniques of motorists in the detention and/or arrest of motorists, in that the training fails to meet standard police training and criteria which mandate the use of established customs, procedures, and guidelines to prevent the pattern of lawsuits against Defendants.

75. The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendants City of Philadelphia and City of Philadelphia Police Department and as such cause Defendant Police Officers to believe that offensive touching, excessive force by means of unwarranted threats, false detentions and/or arrests are permissible and that such misconduct would not be honestly and properly investigated, all with the foreseeable result that Defendant Officers would engage in violations of the civil rights of citizens and residents of this State.

76. As the result of the mentioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendants City of Philadelphia and City of Philadelphia Police Department, Defendant Turner inflicted injuries on Plaintiff or otherwise caused and/or facilitated the damages and harm against Plaintiff that resulted in physical, emotional and psychological injuries.

77. As a direct and proximate cause of the mentioned policies, procedures, customs, and practices of Defendants City of Philadelphia and City of Philadelphia Police Department, Plaintiff suffered physical injury and severe emotional distress.

78. By reason of the mentioned acts and omissions of Defendants City of Philadelphia and City of Philadelphia Police Department, Plaintiff was forced to incur special damages, including medical expenses and loss of earnings, and general damages, in an amount to be proved at trial.

79. By reason of the mentioned acts and omissions of Defendant City of Philadelphia and the Philadelphia Police Department Police, Plaintiff was required to retain counsel and institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1983.

### THIRD CAUSE OF ACTION: SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS
### (Against Defendants)

80. Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

81. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

82. Defendants City of Philadelphia and City of Philadelphia Police Department, failed to adequately train, supervise, discipline or any other way control Defendant Turner in the exercise of their duties as officers, sergeants, commanders, lieutenants, and/or supervisors.

83. Defendants City of Philadelphia and City of Philadelphia Police Department are directly liable and responsible for the actions of Defendant Turner because they repeatedly, knowingly and negligently failed to enforce the law of the Commonwealth of Pennsylvania and the regulations of Defendants City of Philadelphia and City of Philadelphia Police Department, thus creating within the Police Department an atmosphere of lawlessness in which Officers engaged in the violation of civil rights, as fully set forth in the factual allegations in this Complaint. Defendants City of Philadelphia and City of Philadelphia Police Department knew, or in the exercise of reasonable care should have known, of such unlawful acts and practices prior to and at the time of Plaintiffs' injuries.

84. Defendants City of Philadelphia and City of Philadelphia Police Department were also negligent in failing to provide Defendant Turner the proper and adequate training necessary to carry out his duties with due care so that these Defendant Turner could foreseeably be expected to perform in the course of his employment with Defendants City of Philadelphia and City of Philadelphia Police Department. Defendant Turner received inadequate training in the proper methods of searching, detaining, and/or arresting individuals. As a direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages in an amount to be proved in the trial of this case.

85. Defendants City of Philadelphia and City of Philadelphia Police Department have a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of its Officers, employees and agents.

86. Defendants City of Philadelphia and City of Philadelphia Police Department breached that duty intentionally, purposely, knowingly, recklessly, with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety, security, fundamental rights of fairness, and those rights guaranteed by the Commonwealth of Pennsylvania Constitution and the Constitution of the United States of America and its corresponding Amendments. Defendants knew, or should have known, and had actual, implied or constructive notice of the tortious misfeasance and nonfeasance leading up to the acts and omissions of its Defendant Turner and employees and had the power to take reasonable steps to prevent or aid in the prevention of such tortuous actions or omissions. In the exercise of due diligence, Defendants City of Philadelphia and City of Philadelphia Police Department could have taken reasonable preventative action.

87. As a direct and proximate result of that breach of duty, Plaintiff was caused to suffer physical injury, pain and suffering, fear, intimidation, severe mental anguish, and emotional distress, and were deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff has incurred damages for which each Defendant is liable due to the breach of duty described above and each respective violation of 42 U.S.C.A. § 1983.

88. By consciously and deliberately overlooking the acts of misconduct by their subordinate officers, including Defendant Turner, Defendants City of Philadelphia and City of Philadelphia Police Department established a custom and practice of condoning and ratifying such misconduct and established a pattern of tolerating constitutional violations among their subordinate officers. The condoning of misconduct by Defendant Turner was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of persons such as Plaintiffs.

89. Defendants City of Philadelphia and City of Philadelphia Police Department through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate officers, including Defendant Turner, were deliberately indifferent to the constitutional violations being committed by these subordinates Defendants.

90. Based on the custom and practice of condoning, tolerating and ratifying constitutional violations and failure to adequately train and discipline the subordinate officers who committed constitutional violations, Defendant Turner and Defendants City of Philadelphia and City of Philadelphia Police Department are liable for constitutional violations committed by Defendant Turner, and for the damages suffered by Plaintiffs as set forth in this Complaint.

91. The mentioned acts of Defendants City of Philadelphia and City of Philadelphia Police Department, and Defendant Turner were willful, wanton, malicious and oppressive, thus justifying the awarding of exemplary and punitive damages as to these individual defendants.

Dated: December 19, 2025

/s/ *Michael I. McDermott*
Michael I. McDermott, Esquire
Attorney's ID 52917
The Widener Building
1339 Chestnut Street, Ste. 500
Philadelphia, PA 19107
Tel.: 267-283-0084
Fax: 267-207-3975
Email: mmcder1188@aol.com
Attorney for Plaintiff
Errol Ferryman

# VERIFICATION

I hereby state that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this statement is made subject to the penalty of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

12-19-25
_____
Date

$\mathcal{E} \mathcal{L}.$
_____
Signature