**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERROL FERRYMAN,** *Plaintiff,* | : | **CIVIL ACTION** |
| | : | **NO. 25-7190** |
| **v.** | : | |
| **CITY OF PHILADELPHIA LAW DEPARTMENT, *et al.*,** *Defendants.* | : | |

NITZA I. QUIÑONES ALEJANDRO, J. November 9, 2026

**MEMORANDUM OPINION**

**INTRODUCTION**

Plaintiff Errol Ferryman, ("Plaintiff"), filed this civil rights action against Defendants City of Philadelphia Law Department, City of Philadelphia Police Department, and Philadelphia Police Officer Shaun Turner, ("Defendant Turner" or "Officer Turner"), (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, 18 Pa. C.S. §§ 2701/2702, and *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658 (1978). (ECF 1). In his complaint, Plaintiff avers that during a routine traffic stop, Defendant Turner forcibly removed Plaintiff from his vehicle, assaulted and handcuffed him, and conducted a warrantless search of his vehicle. Specifically, in his complaint, Plaintiff asserts constitutional claims for violations of his Fourth and Fourteenth Amendment rights, state law claims for simple and aggravated assault, and municipal and supervisory liability claims.

Presently, before this Court are Defendants' motion to dismiss Plaintiff's complaint filed pursuant to Federal Rule of Civil Procedure, ("Rule"), 12(b)(6) on procedural and substantive grounds, (ECF 6); Plaintiff's response in opposition, (ECF 7); and Defendant's reply, (ECF 8). For the reasons set forth herein, Defendants' motion to dismiss is granted, *in part*, and denied, *in part*.

**BACKGROUND**

When ruling on Defendants' motion to dismiss, this Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Here, the Plaintiff's complaint alleges the following relevant facts:

> On December 22, 2023, at approximately 10:43 P.M., while on routine patrol near 8000 Mansfield Avenue, Philadelphia, PA 19150, Officer Turner pulled over the vehicle Plaintiff was driving allegedly because the vehicle's rear lights were not functioning properly. (ECF 1 ¶ 17). Inside the vehicle were two individuals: Plaintiff, in the driver's seat, and Nicole Digregorio, in a passenger seat. (*Id.* ¶ 18). Plaintiff avers that he was driving with a valid license and was not on probation or parole when he was stopped. (*Id.* ¶ 37).
>
> At the time of the traffic stop, Ms. Digregorio was wearing a ski mask and, according to Officer Turner, sitting in a "bladed stance" — a body position typically used to minimize the area of one's body exposed to an opponent. (*See id.* ¶¶ 18-19). Plaintiff avers that Officer Turner ordered Ms. Digregorio to provide her name and identification. (*Id.* ¶ 20). After Ms. Digregorio provided Officer Turner with a name, he returned to his patrol car to query the name, but was unable to locate any information. (*Id.* ¶ 21). Officer Turner returned to Plaintiff's vehicle to seek additional information from Ms. Digregorio and removed her from the vehicle. (*Id.* ¶ 22).
>
> After Officer Turner removed Ms. Digregorio from the vehicle, Plaintiff avers that, despite the fact that he obeyed all of Officer Turner's commands and did not exhibit any behavior that would justify any forcible removal, Officer Turner proceeded to use excessive force to remove Plaintiff from the vehicle. (*Id.* ¶¶ 23-24, 37). Plaintiff avers that Officer Turner assaulted and handcuffed him, causing him physical injury. (*Id.* ¶ 23). Thereafter, Officer Turner searched Plaintiff's vehicle without Plaintiff's consent or a search warrant. (*Id.* ¶ 24).
>
> Plaintiff further avers that Officer Turner's search uncovered any evidence showing that Plaintiff committed a crime or possessed any illegal contraband, (*id.* ¶ 25), but was nevertheless arrested. (*Id.* ¶ 3). However, no criminal charges were filed against Plaintiff. (*Id.* ¶ 4). Plaintiff alleges that Officer Turner acted with deliberate indifference and/or reckless disregard for Plaintiff's rights and that, as a result, Plaintiff suffered psychological and physical injuries, and severe emotional distress. (*Id.* ¶ 28). Plaintiff also alleges that Officer Turner's actions were willful, wanton, malicious, and oppressive. (*Id.* ¶ 46). In his complaint, Plaintiff seeks general, special, and punitive damages, as well as reasonable attorney's fees pursuant to 42 U.S.C. § 1988. (*Id.* ¶¶ 43-46).

**STANDARD OF REVIEW**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210–11. The Court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (internal quotation marks and citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must [allege facts sufficient to] 'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As noted, Plaintiff asserts the following claims against Defendants: (1) claims against Defendant Turner for constitutional violations of his rights secured by the Fourth and Fourteenth Amendments of the United States Constitution asserted pursuant to § 1983, (Count I); (2) state law claims against Defendant Turner for simple assault and aggravated assault asserted pursuant to 18

Pa. Cons. Stat. §§ 2701/2702, (Count II); (3) a municipal liability claim against the Defendants City of Philadelphia and Officer Turner asserted pursuant to *Monell*, (Count III); and (4) a supervisory liability claim against all Defendants asserted pursuant to § 1983, (Count IV).[1]

Defendants move to dismiss Plaintiff's complaint in its entirety, pursuant to Rule 12(b)(6), and argue that Plaintiff has failed to provide sufficient factual allegations in support of these claims, has named incorrect parties, and has brought causes of action under inapplicable laws and/or theories of recovery. (ECF 6). In response, Plaintiff concedes to the dismissal from this suit Defendants City of Philadelphia Law Department and the City of Philadelphia Police Department, as well as his state law claims. (*See* ECF 7). Plaintiff argues, however, that the facts alleged in the complaint are sufficient to support his § 1983 claims against Defendant Turner for the alleged constitutional violations. (*Id.*). Accordingly, this Court will limit its analysis to the constitutional claims asserted and will address each claim in turn.

## *I. Section 1983 Claims (Count I)*

Plaintiff bases his § 1983 claims on various alleged constitutional violations. From the facts alleged, this Court construes his § 1983 Fourth Amendment claims to allegations of an unreasonable seizure,[2] use of excessive force, and an unreasonable search.[3] Defendants argue that

---

[1] This Court construes Plaintiff's *Monell* claim as Count III and his supervisory liability claim as Count IV despite apparent mislabeling in the complaint.

[2] In Count I of the complaint, Plaintiff avers that Defendant Turner, *inter alia*, "illegally seized, detained and/or arrested Plaintiff[.]" (ECF 1 ¶ 34). This Court construes the overlapping averments related to these allegations as giving rise to a claim for unreasonable seizure, encompassing false arrest and/or false imprisonment in violation of the Fourth Amendment. *See Sarin v. Magee*, 333 F. Supp. 3d 475, 479 (E.D. Pa. Sept. 19, 2018) ("Since false arrest and false detention are 'species' of false imprisonment, those claims are appropriately considered together as false imprisonment.") (citing *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)).

[3] In his complaint, Plaintiff seemingly avers that Defendant Turner acted specifically with intent to deprive Plaintiff of his right to "[f]reedom from a deprivation of liberty without due process of law[,]" pursuant to the Fourteenth Amendment. (ECF 1 ¶ 57). Defendant appears to construe Plaintiff's § 1983

Plaintiff's § 1983 claims must be dismissed because Plaintiff has failed to state any valid underlying constitutional violation sufficient to invoke § 1983 relief. Plaintiff disagrees.

Section 1983 provides a private cause of action against state and local government officials for violations of constitutional rights. *See* 42 U.S.C. § 1983. To maintain a cause of action under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As such, the "threshold question in any § 1983 lawsuit is whether the plaintiff has sufficiently alleged a deprivation of a constitutional right." *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016). Accordingly, each constitutional violation alleged is addressed in turn.

---

claims as including an alleged violation of Plaintiff's Fourteenth Amendment right to substantive due process. Plaintiff mounts no argument in opposition, nor is it clear that Plaintiff asserts a substantive due process claim. The Fourteenth Amendment of the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Supreme Court has noted that, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Wheeler v. Wheeler*, 639 Fed. App'x 147, 151 (3d Cir. 2016) (internal quotation marks omitted) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). More particularly, redress for an alleged false arrest "cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights" such as, here, the Fourth Amendment. *Wheeler*, 639 Fed. App'x at 151 (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000)).

Here, Defendant argues that Plaintiff's § 1983 claims of an alleged violation of Plaintiff's Fourteenth Amendment right to substantive due process is inappropriate since these claims are instead guided by the Fourth Amendment. In the complaint, Plaintiff's perceived substantive due process claim pursuant to the Fourteenth Amendment appears to be a restatement of his allegations of excessive force, false arrest and imprisonment, and unreasonable search. (ECF 1 ¶¶ 30-46). This Court agrees that Plaintiff's claims pursuant to § 1983 are cognizable under the Fourth Amendment, as incorporated against state and local officials through the Fourteenth Amendment. *See Taddei v. Rastegarpanah*, 2026 WL 2687008, at *1 n.1 (E.D. Pa. Sept. 14, 2026) (citing *Mapp v. Ohio*, 367 U.S. 643 (1961)). As such, to the extent that Plaintiff is asserting a claim pursuant to his substantive due process rights under the Fourteenth Amendment, Plaintiff has not sufficiently alleged any distinct factual allegations to plausibly state a substantive due process claim.

*a. Unreasonable Seizures*

Plaintiff alleges that Defendant Turner conducted an unreasonable seizure, an illegal detention and false arrest and, thus, violated the Fourth Amendment., which protects against *unreasonable* seizures of a person. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "A seizure requires the use of force with *intent to restrain*. Accidental force will not qualify." *Torres v. Madrid*, 592 U.S. 306, 317 (2021) (emphasis in original). Generally, "[t]raffic stops are classified as a type of *Terry* stop," subject to Fourth Amendment scrutiny for unreasonable seizures, and requiring "reasonable suspicion that a traffic violation has occurred." *United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018). Additionally, not all seizures are arrests. *See Grant v. City of Philadelphia*, 637 F. Supp. 3d 247, 258 (E.D. Pa. 2022). False arrest and imprisonment are species of unreasonable seizures. *See Sarin v. Magee*, 333 F. Supp. 3d at 479. A claim for false arrest requires a plaintiff to establish "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)).

To determine whether a *Terry* stop — such as a traffic stop — was executed within the bounds of the Fourth Amendment, courts engage in a dual inquiry of "whether the officer's action was justified at its inception," in that it was supported by reasonable suspicion, and "whether the manner in which the stop was conducted was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 20 (1968); *see also United States v. Johnson*, 592 F.3d 442, 452 (3d Cir. 2010). "A *Terry* stop that is supported by reasonable suspicion at the outset may nonetheless violate the Fourth Amendment if it is

excessively intrusive in its scope or manner of execution." *Johnson*, 592 F.3d at 451 (citing *United States v. Rickus*, 737 F.2d 360, 366 (3d Cir.1984)).

A lawful stop under *Terry* is a seizure that may elevate into a *de facto* arrest, depending on "the reasonableness of the intrusion." *United States v. Edwards*, 53 F.3d 616, 619-20 (3d Cir. 1995). There is not a bright-line rule to distinguish a warrantless arrest from an investigatory *Terry* stop. *United States v. Torres*, 961 F.3d 618, 622 (3d Cir. 2020). However, the "reasonableness of the intrusion is the touchstone of our analysis." *Id.* (internal quotation marks omitted) (quoting *Baker v. Monroe Township*, 50 F.3d 1186, 1192 (3d Cir. 1995)). Handcuffing alone does not convert a stop into an arrest. *Johnson*, 592 F.3d at 447-48 (citations omitted). A police officer "may arrest a person in a public place without a warrant if the officer possesses probable cause to believe the person committed a felony." *Torres*, 961 F.3d at 622 (citations omitted). Probable cause to arrest an individual requires "proof of facts and circumstances that would convince a reasonable, honest" officer that the person arrested has committed a crime. *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993); *see also Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005). Probable cause is assessed based on the totality of the circumstances. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citations omitted).

Here, based on the factual allegations in the complaint, which this Court must accept as true at this early stage of litigation, it is plausible that Plaintiff was unreasonably seized and falsely arrested. Plaintiff contends that Officer Turner removed him from his vehicle using excessive force, assaulted and handcuffed him. These actions, which as alleged, intentionally restricted his movement, may qualify as a seizure under the Fourth Amendment. (ECF 1 ¶¶ 23, 27); *see Madrid*, 592 U.S. at 325 (holding that the application of physical force with intent to restrain constitutes a seizure for purposes of the Fourth Amendment). Though Officer Turner had reason to stop

Plaintiff for driving with malfunctioning taillights, this conduct is a summary traffic violation punishable by a civil fine, not a criminal offense, for which removal from the car may have been warranted. *See* Pa. Cons. Stat. 75 §§ 4107, 4303(b). Plaintiff contends that he "obeyed" all of Defendant Turner's commands, including stopping the vehicle which he legally owned and possessed, (ECF 1 ¶ 24), and did not engage in any conduct suggesting suspicious activity.

As to the circumstances involving the passenger — including her stance, ski mask, and the inconclusive result of a database check of her provided name — these circumstances pertain to the passenger, not to Plaintiff. (ECF 1, ¶¶ 18-21); *see Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) (citations omitted) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person."). As such, the initial traffic stop conducted by Defendant Turner, based on Plaintiff's alleged vehicle code violation, may have been appropriate in scope, but the circumstances that followed do not amount to reasonable suspicion of criminal activity to warrant the intrusive act of forcefully removing Plaintiff from the vehicle and handcuffing him. *See Johnson*, 592 F.3d at 451 (citing *Rickus*, 737 F.2d at 366). As such, Plaintiff has alleged facts sufficient to plausibly state that Defendant Turner violated his Fourth Amendment rights by using excessive force to remove him from the vehicle.

Additionally, accepting the factual allegations of the complaint, as this Court must at this stage of litigation, Defendant Turner's handcuffing of Plaintiff appears to be an unreasonable intrusion from the perspective of an objective, reasonable police officer under the circumstances alleged, and may constitute a *de facto* arrest that lacked probable cause. *See Torres*, 961 F.3d at 622; *Ybarra*, 444 U.S. at 91. Again, accepting Plaintiff's factual allegations in the complaint as true, and drawing all reasonable inferences in his favor, Plaintiff has alleged sufficient facts for a plausible claim of an unreasonable seizure and false arrest in violation of the Fourth Amendment.

*b. Excessive Force*

"Use of excessive force by a state official effectuating a search or seizure violates the Fourth Amendment." *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). To state a claim for excessive force under the Fourth Amendment, a plaintiff must plead sufficient facts demonstrating that "that the force used was unreasonable under the circumstances." *Olick v. Pennsylvania*, 739 Fed. Appx. 722 (3d Cir. 2018) (citing *Estate of Smith*, 430 F.3d at 148). An excessive force claim is evaluated using the objective reasonableness test, which assesses the "totality of the circumstances . . . from the perspective of the officer at the time of the incident," without "the benefit of hindsight." *Brown v. Upper Darby Police Dept.*, 2021 WL 2948833, at *3 (3d Cir. July 14, 2021) (quoting *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (citation omitted)). Factors that guide this analysis include, *to wit*, the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Here, Plaintiff has adequately pleaded sufficient facts to show that Officer Turner used excessive force in violation of his rights under the Fourth Amendment. As noted above, Plaintiff has plausibly pleaded sufficient facts to show that Officer Turner unreasonably seized him. Plaintiff avers that Defendant Turner removed him from the vehicle "with excessive force" and "assaulted him and handcuffed him causing physical injury to the Plaintiff." (ECF 1 ¶¶ 23, 27, 43). At the time of this action, Plaintiff claims that he was not displaying any suspicious behavior, had obeyed all of Defendant Turner's commands, and was not actively resisting arrest or attempting to evade arrest by flight. (*Id.* at ¶ 24). Additionally, Plaintiff alleges that he was not committing any crime nor displaying any behavior that posed an immediate threat to the safety of

Defendant Turner. (*Id.* at ¶ 37). Plaintiff pleads no facts suggesting that his own conduct implicated him in his passenger's not normal behavior. Based on the totality of the circumstances alleged, which the Court must accept as true at the motion to this early stage of litigation, Plaintiff has sufficiently pleaded facts to show that it was not objectively reasonable for Defendant Turner to remove Plaintiff with force from the vehicle, assault him, and handcuff him such as to cause physical injury. *See Graham*, 490 U.S. at 396. Plaintiff has, therefore, plausibly alleged sufficient facts for an excessive force claim under Section 1983.

*c. Unreasonable Search*

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches." U.S. Const. amend. IV. Further, warrantless searches of automobiles are typically prohibited. However, an automobile exception exists that "permits vehicle searches without a warrant if there is 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Donahue*, 764 F.3d 293, 299-300 (3d Cir. 2014) (quoting *United States v. Salmon*, 944 F.2d 1106, 1123 (3d Cir. 1991)). To determine the legality of the automobile search, courts evaluate "the events which occurred leading up to the . . . search, and then . . . [decide] whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to . . . probable cause." *Ornelas v. U.S.*, 517 U.S. 690, 696 (1996). Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Id.* (citations omitted).

While "nervous, evasive behavior" may be "a pertinent factor in determining reasonable suspicion" — a lower standard than probable cause — this alone cannot justify a detention. *See United States v. Alvin*, 701 Fed. App'x 151, 155 (3d Cir. 2017) (quoting *Illinois v. Wardlow*, 528

U.S. 119, 124, (2000)). This is especially so when one considers that it is "not uncommon for most citizens — whether innocent or guilty — to exhibit signs of nervousness when confronted by a law enforcement officer." *Id.* (quoting *United States v. Wood*, 106 F.3d 942, 948 (10th Cir. 1997)).

As such, this Court must determine whether Plaintiff has alleged sufficient facts to state a § 1983 claim based on Defendant Turner's alleged search of Plaintiff's vehicle.[4] Defendants argue that Plaintiff fails to allege sufficient facts to demonstrate that the search of the vehicle was unreasonable. In response, Plaintiff argues that nothing leading up to the search of his vehicle amounts to probable cause justifying the search of his vehicle. Specifically, Plaintiff proffers that, after Officer Turner stopped him for the allegedly non-functioning rear lights, he obeyed all of Officer Turner's commands. (ECF 1 ¶ 17). Plaintiff contends that Officer Turner believed that Plaintiff's passenger was exhibiting closed-off body language and, although Ms. Digregorio's identification was queried, Defendant Turner could not identify her from the police database results. (*Id.* ¶¶ 18-21). Before searching Plaintiff's vehicle, Defendant Turner removed Plaintiff and Ms. Digregorio from inside the vehicle. (*Id.* ¶ 23). Plaintiff contends that Defendant Turner searched the vehicle without obtaining his consent or a search warrant. (*Id.* ¶ 24).

Drawing all inferences in Plaintiff's favor at this early stage of litigation, Officer Turner appear to lack probable cause to search Plaintiff's vehicle without consent or a warrant because the alleged facts and circumstances leading up to the stop and search do not warrant a reasonable

---

[4] Defendant correctly points out that Plaintiff appears to frame his unreasonable search allegations, *in part*, according to what would constitute an unreasonable search under the Pennsylvania Constitution. "Section 1983 only 'provides a remedy for violations of federal, not state or local, law.'" *Wood v. Se. Pa. Transp. Auth.*, 2016 WL 2619411, at *12 (E.D. Pa. May 6, 2016) (quoting *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 99 (3d Cir. 2011)). Thus, the Court analyzes the sufficiency of Plaintiff's unreasonable search violation only under federal law.

person to believe that contraband or evidence of a crime would be found in Plaintiff's vehicle. While Ms. Digregorio was inside Plaintiff's vehicle, and allegedly exhibiting not normal behavior, neither her behavior nor Plaintiff's, was sufficiently suggestive of criminal activity or the presence of contraband, such as to justify the warrantless search of the vehicle. Under these circumstances, Plaintiff has pleaded sufficient factual allegations to state a plausible claim for an unreasonable search under the Fourth Amendment.[5]

### *II. State law claims under 18 Pa.C.S. § 2701/2702 (Count II)*[6]

Plaintiff also alleges state law claims against Defendants under 18 Pa. Cons. Stat. §§ 2701 and 2702 for: (1) simple assault; and (2) aggravated assault. In their motion to dismiss, Defendants argue that these claims are improperly brought, *in part,* under criminal statutes, are duplicative of the first cause of action, and do not state a plausible claim upon which relief can be granted.[7] Plaintiff does not address these arguments in his opposition. This Court agrees.

Under § 2701 of Title 18 of the Pennsylvania Consolidated Statutes (a criminal statute), a person commits simple assault if they attempt to cause or intentionally, knowingly or recklessly cause bodily injury to another. 18 Pa. Cons. Stat. § 2701. Section 2702 provides that a person

---

[5] The Court also notes the possibility, given Plaintiff's allegation that Officer Turner arrested him, that the search of Plaintiff's car might be framed as a search incident to arrest. If that is the case, the Court notes that it would not be justified because, as alleged, Plaintiff was handcuffed and outside the vehicle at the time of its search, and could not, therefore, access it; and, as discussed, there was no probable cause to believe evidence of a crime would be found inside. *See Arizona v. Gant*, 556 U.S. 332, 344 (2009).

[6] Plaintiff's Count II appears to combine a state law assault claim with a federal false arrest claim. This Court construes Plaintiff's Count II as raising a federal false arrest claim in addition to the state law assault claim, which has already been addressed in Section I.b, *supra*.

[7] Plaintiff appears to argue that Defendant Turner violated Pennsylvania law because Defendant Turner did not reasonably believe force was immediately necessary to make an arrest, prevent escape, or protect himself or others from harm. (ECF 7 at 5). However, because this Court finds Plaintiff's argument as one arising under federal law, and not state law, since state law does not provide a private civil right of action, this Court will not address Plaintiff's state law arguments.

commits aggravated assault if they attempt to cause, or cause, serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life. 18 Pa. Cons. Stat. § 2702. However, a criminal statute does not create a private civil right of action, even if a plaintiff would have a valid civil claim based on the same conduct that the statute criminalizes. *See Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 647 (E.D. Pa. 2017) (citations omitted) (declining to provide a private right of action under a criminal statute of general applicability).

Further, Plaintiff appears to abandon these state law claims in his lack or argument in his response to Defendant's motion to dismiss. Regardless, to the extent Plaintiff attempts to bring a claim pursuant to §§ 2701 and 2702, the claim is dismissed for lack of a cause of action.

### *III. Monell Liability (Count III) and Supervisory Liability (Count IV)*

Lastly, Plaintiff asserts a claim for *Monell* and supervisory liability against Defendants City of Philadelphia Law Department, the City of Philadelphia Police Department, and Officer Turner. (ECF 1 ¶¶ 64-91). In his response, Plaintiff concedes that Defendants City of Philadelphia Law Department and City of Philadelphia Police Department should be dismissed from this lawsuit. (ECF 7, at 2). This Court will discuss this claim as against Defendant Turner only.

Pursuant to *Monell*, a municipality can be held liable under § 1983 if a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, caused a constitutional violation. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-95 (1978). "In a § 1983 suit . . . where masters do not answer for the torts of their servants — the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Here, Plaintiff's *Monell* and supervisory liability claims against Defendant Turner fail as a matter of law. *See Evans v. Columbia Cty.*, 711 F. Supp. 3d 256, 304 (M.D. Pa. Jan. 10, 2024) (stating that *Monell* claims can only be brought against municipalities or similar entities, not individuals); *Iqbal*, 556 U.S. at 677. Therefore, this Court finds that Plaintiff has failed to sufficiently plead any factual allegations that support either a plausible *Monell* or supervisory liability claim and, accordingly, dismisses those claims.

**CONCLUSION**

For the reasons set forth, Defendants' motion to dismiss Plaintiff's complaint is granted, *in part*, with regard to Plaintiff's claims asserted under state law, *Monell,* and supervisory liability claims. Defendants' motion is denied, *in part*, as to Plaintiff's § 1983 claims for unreasonable seizure, excessive force, and unreasonable search. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.